IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ROBERT L. UPSHAW,** <br><br> Petitioner, <br><br> v. <br><br> **PAUL COPENHAVER, Warden,** <br><br> Respondent. | **Case No. 1:13-cv-00748 MJS (HC)** <br><br> **ORDER REGARDING PETITION FOR WRIT OF HABEAS CORPUS** |

Petitioner is a federal prisoner proceeding *pro se* with a petition for writ of habeas corpus under 28 U.S.C. § 2241. Both parties have consented to Magistrate Judge jurisdiction under 28 U.S.C. § 636(c). (ECF Nos. 6, 8.)

Petitioner claims entitlement to a credit against his federal sentence for time served while in the custody of the State of Florida for drug convictions. (See Pet. at 3, ECF No. 1.) Specifically, Petitioner argues that the district court judge should have adjusted his sentence by 510 days under United States Sentencing Commission Guideline § 5G1.3(b). Petitioner has sought relief regarding his sentencing calculation at least five separate times since his federal conviction in 1994.

I.      **RELEVANT FACTUAL AND PROCEDURAL BACKGROUND**

The Government set forth the facts relating to Petitioner's relevant state and federal criminal prosecutions. Petitioner has not challenged the factual accuracy of the

1

summary. The Court adopts the facts set forth by the government:

State Cases

In 1987, Petitioner was sentenced in Florida under sentences in four state cases related to the possession, delivery, and possession with intent to sell cocaine in the Circuit Court of Hillsborough County. See Letter from Michelle Locke, Florida Department of Corrections (Answer, Ex. 1). On January 29, 1987, Petitioner was sentenced in the Circuit Court of Hillsborough County to thirty (30) months for possession of cocaine (count 2) and ten (10) years of probation for count 2 in Case No. 86-9870. Id. On the same day, he was also sentenced to concurrent terms of five (5) years of probation in two other cases in the Circuit Court of Hillsborough County: 86-9890 (two counts) (possession of cocaine with intent to sell and possession of a controlled substance) and 86-0311 (possession of cocaine). Id. Subsequently, on April 13, 1987, Petitioner was sentenced in the Circuit Court of Hillsborough County to concurrent five (5) year terms, less credit for time served prior to sentencing, to run concurrently with his 30-month term he received in Case No. 86-9870, in Case No. 86-16079. Id.

Petitioner completed the 30-month sentence imposed in Case No. 86-9870 on May 29, 1988, but remained in custody to complete his 5-year concurrent sentences imposed in Case No. 86-16079. Id. He was released from state custody on July 29, 1990. Id. Although released from custody, he remained on probation pursuant to the terms of all probation imposed in Case Nos. 86-9870 (count 1 only), 86-9890, and 86-10311. Id.

Months after his release, Petitioner was again charged with possession of a controlled substance, this time in Lee County Florida in Case No. 90-2692. Id. In addition, Petitioner violated the terms of his probation in the three Hillsborough County cases. On March 26, 1993, Petitioner was sentenced in the Circuit Court of Hillsborough County in Case Nos. 86-9870, 86-9890, and 86-10311 to a term of two years six months for the probation violation, each to be served concurrently with each other. Id. On June 21, 1993, Petitioner was sentenced in the Circuit Court of Lee County to a term of 30 months, less credit for time served, and to be served concurrently with any active sentence in Hillsborough County in Case No. 90-2692. Id.

While serving his state sentences, Petitioner appeared in federal court twice pursuant to a writ of habeas corpus ad prosequendum. Petitioner was released from state custody to the United States Marshal's Service ("USM") to make a federal court appearance on September 9, 1993. (Letter of Michelle Locke, Answer, Ex. 1.) He was returned to state custody on April 26, 1994. Id. He was again released to USM custody on May 13, 1994 and was returned to state custody on July 15, 1994. Id. Petitioner received credit towards his state sentence for those time periods that he was temporarily in USM custody. Id.

After various awards of credit on each of the four state sentences he was serving, Petitioner was released from state custody to USM custody pursuant to a federal detainer on September 30, 1994. Id. Petitioner completed service of his state prison sentences on October 1, 1994 while he was in federal custody. Id.

2

Federal Case, Appeals, and Post-Conviction Motions

The docket for the Middle District of Florida, Fort Myers Division reflects that Petitioner was found guilty to count one of the indictment which charged him with a violation of 21 U.S.C. § 846 and 841(a)(1) (Conspiracy to possess with intent to distribute crack cocaine and powder cocaine). See Middle District of Florida, Case No. 2:93-cr-102, Doc. 509; (Answer, Ex. 2). On April 13, 1994, the Court sentenced Petitioner to 360 months, with a five year term of supervised release and a $100.00 assessment. Id.

Since 1994, Petitioner has filed multiple appeals and motions to vacate or modify his sentence with the district court. After an August 31, 2001 appellate decision, Petitioner filed his first post-conviction motion under 28 U.S.C. § 2255 with the sentencing district court on August 9, 2002. See M.D. Fla. Case No. 2:93-cr-102, Docs. 831, 835 (Answer, Ex. 2.). In the petition, he claimed ineffective assistance of counsel, among other things. Id. at Doc. 881. After extensive briefing by both Petitioner and the United States, including a motion by Petitioner for a judicial determination of waiver of attorney-client privilege, and a December 2, 2003 evidentiary hearing, the district court denied the § 2255 petition on February 17, 2004. Id. at Doc. 975. Petitioner appealed that order. That appeal was denied. Id. at Doc. 983.

On November 4, 2005, Petitioner moved to modify his sentence pursuant to United States Sentencing Guideline § 1B1.10 ("USSG") and Amendment 668 to the USSG. Fla. Docs. 1013-14. The district court denied those motions. (Answer, Ex. 2.). M.D. Fl., Case No. 2:93-cr-102, Doc. 1015. In 2008, Petitioner moved to reduce his sentence by requesting a retroactive application of the USSG with respect to crack cocaine offenses. Id. at Doc. 1025. Petitioner was appointed an attorney for this motion. Thereafter, that attorney's motion to withdraw was granted, and Petitioner was appointed another attorney from the Criminal Justice Act panel to represent him. After extensive briefing on the motion, Petitioner's motion to reduce his sentence was denied on April 27, 2009. Id. at Doc. 1112. Petitioner appealed that order. The district court's order denying his motion was affirmed by the appellate court. Id. at Doc. 1125.

In 2011, Petitioner filed a new motion to reduce his sentence based on a retroactive application of the USSG related to crack sentencing. Id. at Doc. 1140. The district court again appointed counsel to represent Petitioner and ordered extensive briefing on the motion. On March 6, 2012, the district court denied Petitioner's motion to reduce his sentence. Id. at Doc. 1151. Petitioner appealed that order. The appellate court affirmed the district court's order denying his motion on September 12, 2012. Id. at Doc. 1184.

On March 14, 2012, Petitioner filed a motion for miscellaneous relief with the district court. Id. at Doc. 1152. In that letter, Petitioner wrote to the judge as follows, in pertinent part:

> I am writing about time I serve in Lee County Jail on this case . . . that the BOP did not credit to my sentence, date arrested 9-16-93, BOP started my sentence 10-20-94. Sir would you credit me for time spent in Jail. Thank you!

> Letter Dated March 11, 2011 (Answer, Ex. 3). The district court construed this motion for miscellaneous relief as a motion for credit for time served. (Answer, Ex. 2; M.D.Fl. Doc. 1154.) In denying the motion, the district court advised petitioner the court has no power to give defendant for time served, since that is under the authority of the BOP. Id. The motion was denied without prejudice to filing a petition pursuant to 28 U.S.C. § 2241 in the district of incarceration. Id.

(Answer at 2-4.)

Petitioner filed a writ of habeas corpus under 28 U.S.C. § 2241 on May 20, 2013. (Pet., ECF No. 1.) On May 28, 2013, the Court ordered Respondent to submit an answer to the Petition. (Order, ECF No. 3.) Respondent filed an answer on October 28, 2013. (Answer, ECF No. 14.) Petitioner filed no traverse. The matter stands ready for adjudication.

**II.     JURISDICTION**

    **A.     Jurisdiction Over the Person**

Title 28 U.S.C. § 2241(a) provides that writs of habeas corpus may be granted by the district courts "within their respective jurisdictions." A writ of habeas corpus operates not upon the prisoner, but upon the prisoner's custodian. Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 494-495 (1973). A petitioner filing a petition for writ of habeas corpus under § 2241 must file the petition in the judicial district of the Petitioner's custodian. Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990). The warden of the penitentiary where a prisoner is confined constitutes the custodian who must be named in the petition, and the petition must be filed in the district of confinement. Id.; Rumsfeld v. Padilla, 542 U.S. 426, 446-47 (2004). It is sufficient if the custodian is in the territorial jurisdiction of the court when the petition is filed; transfer of the petitioner thereafter does not defeat personal jurisdiction that has once been properly established. Ahrens v. Clark, 335 U.S. 188, 193, 68 S. Ct. 1443, 92 L. Ed. 1898 (1948); Francis v. Rison, 894 F.2d 353, 354 (9th Cir. 1990). A failure to name and serve the custodian deprives the Court of personal jurisdiction. Johnson v. Reilly, 349 F.3d 1149, 1153 (9th Cir. 2003).

At the time of filing the petition, Petitioner was incarnated at the United States Penitentiary, Atwater. Petitioner was later transferred to Federal Correctional Institution

1  Talladega. United States Penitentiary, Atwater is within the Eastern District of California.
2  The Court concludes that it has personal jurisdiction over the custodian as Petitioner was
3  confined in the district during filing. Despite his transfer out of state, jurisdiction is proper
4  in this district.

### B. Subject Matter Jurisdiction

Relief by way of a writ of habeas corpus extends to a prisoner in custody under the authority of the United States who shows that the custody violates the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2241(c)(3). Although a federal prisoner who challenges the validity or constitutionality of his conviction must file a petition for writ of habeas corpus under 28 U.S.C. § 2255, a federal prisoner challenging the manner, location, or conditions of the execution of a sentence must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. Hernandez v. Campbell, 204 F.3d 861, 864-65 (9th Cir. 2000).

Petitioner asserts that the Bureau of Prisons improperly calculated his prior custody credits. "Habeas corpus jurisdiction is available under 28 U.S.C. section 2241 for a prisoner's claims that he has been denied good time credits without due process of law." Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir. 1989) (citing Preiser v. Rodriguez, 411 U.S. 475, 487-88 (1973)). However, Respondent argues to the contrary that Petitioner's claims are not challenging the calculation of his sentence but the duration of his sentence and that jurisdiction is not proper. The Court shall address jurisdiction in the analysis below.

### III. ANALYSIS

### A. Whether Petitioner's Claims Are Appropriate under 28 U.S.C. § 2241

Respondent argues that Petitioner does not challenge the manner in which his sentence is being implemented, but rather the sentence itself. Respondent argues further that the challenge should have been made under 28 U.S.C. § 2255. The Court concurs.

Petitioner identifies no basis for jurisdiction under 28 U.S.C. § 2241 other than a

short statement to the effect that courts may issue the writ under § 2241 for claims challenging the computation of sentencing credits. (Pet. at 8.) Petitioner also fails to respond to the arguments presented in Respondent's answer.

In his petition, Petitioner does not argue that the Bureau of Prisons failed to apply sentence credits correctly. Rather, he explains, he seeks credit for time served during a state sentence to reduce the duration of his sentence. (Pet. at 3.) In doing so he relies on the Sentencing Guidelines the court of conviction may follow considering his prior state sentences for the same offense. That argument confirms that Petitioner is attacking the terms of his sentence and not errors in calculation of the sentence.

The Court finds that Petitioner is challenging the terms of his sentence, and must determine whether the claims can proceed by way of a petition under 28 U.S.C. § 2241.

**B.    Jurisdiction**

A federal prisoner who wishes to challenge the validity or constitutionality of his conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988). In such cases, only the sentencing court has jurisdiction. Id. at 1163. A prisoner may not collaterally attack a federal conviction or sentence by way of a petition for a writ of habeas corpus under 28 U.S.C. § 2241. Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000) ("Generally, motions to contest the legality of a sentence must be filed under § 2255 in the sentencing court, while petitions that challenge the manner, location, or conditions of a sentence's execution must be brought under § 2241 in the custodial court."); Tripati, 843 F.2d at 1162.

A federal prisoner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. Hernandez, 204 F.3d at 865. Petitioner is challenging the validity and constitutionality of his conviction. Therefore, the procedure is for him to file a motion under § 2255, not a habeas petition under § 2241.

The Ninth Circuit has recognized a narrow exception allowing a federal prisoner

authorized to seek relief under § 2255 to seek relief under § 2241 if the remedy by motion under § 2255 is "inadequate or ineffective to test the validity of his detention." Alaimalo v. United States, 636 F.3d 1092, 1096 (9th Cir. 2011), citing Harrison v. Ollison, 519 F.3d 952, 956 (9th Cir. 2008). "This is called the 'savings clause' or 'escape hatch' of § 2255." Id. Section 2255 petitions are rarely found to be inadequate or ineffective. Aronson v. May, 85 S.Ct. 3, 5 (1964) (a court's denial of a prior § 2255 motion cannot render § 2255 inadequate.); Tripati, 843 F.2d at 1162-63 (9th Cir. 1988) (a petitioner's fears of bias or unequal treatment do not render a § 2255 petition inadequate). The burden is on the petitioner to show that the remedy is inadequate or ineffective. Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963).

Petitioner has previously sought relief by way of motions under 28 U.S.C. § 2255, and motions to modify or reduce his sentence. All attempts have been denied. Petitioner has twice moved to reduce his sentence under 18 U.S.C. § 3582(c)(2). The motions were denied and on appeal, the Eleventh Circuit Court of Appeals provided reasoning why the motions were denied. On January 21, 2010, the Court of Appeal explained why the denial of Petitioner's motion was correct:

> Under § 3582(c)(2), a district court has the authority to modify a defendant's term of imprisonment if the defendant's sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission under 28 U.S.C. § 994(o)." 18 U.S.C. § 3582(c)(2); see also U.S.S.G. § 1B1.10(a)(1)-(2) (2009). However, "[w]here a retroactively applicable guideline amendment reduces a defendant's base offense level, but does not alter the sentencing range upon which his or her sentence was based, § 3582(c)(2) does not authorize a reduction in sentence." United States v. Moore, 541 F.3d 1323, 1330 (11th Cir. 2008), cert. denied, 129 S. Ct. 965, 173 L. Ed. 2d 156 (2009); see also U.S.S.G. § 1B1.10(a)(2)(B). A reduction is not authorized if the amendment does not lower a defendant's applicable guidelines range "because of the operation of another guideline or statutory provision." U.S.S.G. § 1B1.10 cmt. n.1(A).
>
> In Moore, we concluded that a crack cocaine defendant whose offense level was determined by the career offender provision, U.S.S.G. § 4B1.1, rather than § 2D1.1(c), was not eligible for a § 3582(c)(2) reduction because Amendment 706 did not lower the sentencing range upon which the defendant's sentence was ultimately based. 541 F.3d at 1327. However, Moore did not address Upshaw's situation, that is, a crack cocaine defendant who was sentenced as a career offender, but whose ultimate offense level of 38 was determined by § 2D1.1(c). In Upshaw's

> case, we conclude that his career offender status made him ineligible for a § 3582(c)(2) reduction.
>
> Upshaw was designated a career offender at his original sentencing, and the district court applied § 4B1.1 to determine Upshaw's applicable offense level. The fact that Upshaw's offense level of 38 under § 2D1.1(c) was higher than his offense level of 37 under § 4B1.1's table does not change his career offender status. Thus, in determining whether Amendment 706 reduced Upshaw's sentencing range, the district court was required to consider not only whether the amendment reduced the offense level for 3 kilograms under § 2D1.1(c), but also whether § 4B1.1's table produced a higher offense level than his amended § 2D1.1(c) offense level. See United States v. Bravo, 203 F.3d 778, 781 (11th Cir. 2000) (explaining that in recalculating the sentencing range under the amendment, only the amended guideline provision is substituted and all other guidelines determinations remain unchanged).
>
> Had Amendment 706 been in effect at Upshaw's original sentencing, his § 2D1.1(c) offense level (based on 3 kilograms of cocaine) would have been 36 instead of 38. Compare U.S.S.G. § 2D1.1(c)(2) (2009) with U.S.S.G. § 2D1.1(c)(3) (1993). But, his career offender offense level would have remained 37. Therefore, under § 4B1.1, the district court would have been required to apply the greater offense level of 37, and Upshaw's guidelines range would have remained 360 months' to life imprisonment. Thus, Amendment 706 did not lower the sentencing range upon which Upshaw's sentence was based, and the district court was not authorized by § 3582(c)(2) to reduce Upshaw's sentence.

United States v. Upshaw, 362 Fed. Appx. 118, 119-120 (11th Cir. 2010) (Footnotes omitted).

Likewise, the Eleventh Circuit denied a later appeal of Petitioner's motion for a reduction of his sentence:

> In these consolidated appeals, federal prisoners were convicted of crack cocaine crimes. In each case, the district court calculated the prisoners' guidelines ranges using the career offender guideline because each prisoner had at least two prior felony convictions for a controlled substance offense. See United States Sentencing Guidelines § 4B1.1 (Nov. 2011). The prisoners later filed motions to reduce their sentences under 18 U.S.C. § 3582(c)(2), contending that Amendment 750 to the guidelines, which lowered the base offense levels for crack cocaine crimes in U.S.S.G. § 2D1.1, had reduced their guidelines ranges. The district court denied those motions, and these are the prisoners' appeals.
>
> The district court did not err in denying the § 3582(c)(2) motions. In United States v. Moore, 541 F.3d 1323, 1330 (11th Cir. 2008), we held that "[w]here a retroactively applicable guideline amendment reduces a defendant's base offense level, but does not alter the [career offender] sentencing range upon which his or her sentence was based, § 3582(c)(2) does not authorize a reduction in sentence." Moore controls here. Amendment 750 did not alter the prisoners' career offender guidelines ranges, so the district court is not authorized to reduce their sentences under § 3582(c)(2). See Moore, 541 F.3d at 1330; see also United States

v. Glover, No. 12-10580, 686 F.3d 1203, 2012 U.S. App. LEXIS 14194, 2012 WL 2814303, at *3 (11th Cir. July 11, 2012) ("[Section 3582(c)(2)], the Sentencing Commission's corresponding policy statement, and the commentary to that policy statement all make it clear that a court cannot use an amendment to reduce a sentence in a particular case unless that amendment actually lowers the guidelines range in that case. It is that simple."). The prisoners argue that the Supreme Court's decision in Freeman v. United States, 564 U.S. __, 131 S.Ct. 2685, 180 L. Ed. 2d 519 (2011), abrogated our decision in Moore, but we have already rejected that argument. See United States v. Lawson, No. 11-15912, 686 F.3d 1317, 2012 U.S. App. LEXIS 14386, 2012 WL 2866265, at *2-3 (11th Cir. July 13, 2012).

United States v. Monroe, 486 Fed. Appx. 756, 760-761 (11th Cir. 2012). Petitioner had prior opportunities to present his claims to the sentencing court prior to filing this petition. Petitioner has not showed that he lacked an 'unobstructed procedural shot' at presenting his claim.

In addition, Petitioner has not made a showing of actual innocence - the other element required to be entitled to relief under the 'escape hatch' of § 2255. Stephens v. Herrera, 464 F.3d 895, 898 (9th Cir. 2006). In the Ninth Circuit, a claim of actual innocence under the Section 2255 savings clause is tested by the standard articulated by the United States Supreme Court in Bousley v. United States, 523 U.S. 614, 118 S. Ct. 1604, 140 L. Ed. 2d 828 (1998). Stephens, 464 F.3d at 898. In Bousley, the Supreme Court explained that, "[t]o establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Bousley, 523 U.S. at 623 (internal quotation marks omitted). Petitioner must prove innocence by a preponderance of the evidence, and he must show not just that the evidence against him was weak, but that it was so weak that "no reasonable juror" would have convicted him. Lorentsen, 223 F.3d at 954.

Here, Petitioner does not assert that he is factually innocent of the crime for which he was convicted. Rather, he only seeks a reduction of the length of his sentence. Under the savings clause, Petitioner must demonstrate that he is factually innocent of the crime for which he has been convicted. Lorentsen, 223 F.3d at 954 (to establish jurisdiction under Section 2241, petitioner must allege that he is "'actually innocent' of the crime of conviction"); Edwards v. Daniels, 2006 U.S. Dist. LEXIS 94750, at *7, 2006 WL 3877525

(D.Or. 2006) ("Petitioner's assertion that he is actually innocent of a portion of his sentence does not qualify him for the 'escape hatch' of § 2255 because he must allege that he is 'legally innocent of the crime for which he has been convicted,' not the sentence imposed."), adopted by Edwards v. Daniels, 2007 U.S. Dist. LEXIS 12356, 2007 WL 608115 (D.Or. 2007). Therefore, the instant § 2241 petition does not fit within the exception to the general bar against using § 2241 to collaterally attack a conviction or sentence imposed by a federal court. See Lorentsen, 223 F.3d at 954.

The Court concludes that Petitioner has not demonstrated that § 2255 constitutes an "inadequate or ineffective" remedy for raising his claim. Section 2241 is not the proper statute for raising Petitioner's claim, and the petition is dismissed for lack of jurisdiction.

## IV.  CERTIFICATE OF APPEALABILITY

A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)  (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>
>> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>>
>> (B) the final order in a proceeding under section 2255.

> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 537 U.S. at 327; Slack v. McDaniel, 529 U.S. 473, 484 (2000). While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." Miller-El, 537 U.S. at 338.

The Court finds that no reasonable jurist would find the Court's determination that Petitioner is not entitled to federal habeas corpus relief wrong or debatable, nor would a reasonable jurist find Petitioner deserving of encouragement to proceed further. Petitioner has not made the required substantial showing of the denial of a constitutional right. The Court DECLINES to issue a certificate of appealability.

## V.    ORDER

Petitioner is not entitled to relief regarding the claims of the instant petition. IT IS HEREBY ORDERED:

1) The petition is DISMISSED for lack of jurisdiction;

2) The Clerk of Court is DIRECTED to enter judgment and close the case; and

3) The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:    December 29, 2014            /s/ *Michael J. Seng*
                                       UNITED STATES MAGISTRATE JUDGE